SCHALL, Circuit Judge,
dissenting-in-part.
I join the court’s opinion insofar as it (i) affirms the judgment of non-invalidity of the '712 patent and (ii) modifies the scope of the injunction issued by the district court. However, I respectfully dissent from the court’s opinion insofar as it affirms the district court’s entry of an injunction as to Cipla.
Ivax filed its ANDA seeking approval to market generic tablets containing escitalo-pram oxalate. See Forest Labs., Inc. v. Ivax Pharms., Inc., 438 F.Supp.2d 479, 484 *1273 (D.Del.2006). Under the statutory framework set forth by Congress:
It shall be an act of infringement to submit—
(A) an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act or described in section 505(b)(2) of such Act for a drug claimed in a patent or the use of which is claimed in a patent, or
(B) an application under section 512 of such Act or under the Act of March 4, 1913 (21 U.S.C. 151-158) for a drug or veterinary biological product which is not primarily manufactured using recombinant DNA, recombinant RNA, hy-bridoma technology, or other processes involving site specific genetic manipulation techniques and which is claimed in a patent or the use of which is claimed in a patent,
if the purpose of such submission is to obtain approval under such Act to engage in the commercial manufacture, use, or sale of a drug or veterinary biological product claimed in a patent or the use of which is claimed in a patent before the expiration of such patent.
35 U.S.C. § 271(e)(2). By its terms, the statute limits the act of infringement to the filing of an ANDA application. At the same time, 35 U.S.C. § 271(e)(4)(B) provides that “injunctive relief may be granted against an infringer to prevent the commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of an approved drug or veterinary biological product.” (Emphasis added).
In interpreting a statute, we presume that Congress intended to give words their ordinary meanings. Asgrow Seed Co. v. Winterboer, 513 U.S. 179, 187, 115 S.Ct. 788, 130 L.Ed.2d 682 (1995). In § 271(e)(2), Congress chose to employ the clause “[i]t shall be an act of infringement to submit.” The plain language of § 271(e)(2) thus compels the conclusion that an action for infringement may lie based upon the filing of an ANDA. By filing its ANDA, Ivax committed an act constituting infringement under § 271(e)(2) and, as an infringer, was properly enjoined under § 271(e)(4)(B).
Cipla provided information to Ivax that was included in the ANDA, and if the ANDA were approved, Cipla would manufacture the escitalopram oxalate used in the proposed generic drugs. Forest, 438 F.Supp.2d at 484. In contrast to what IVAX did in this case, Cipla’s involvement — limited to providing information to IVAX that was included in the submission of the ANDA — seems akin to the activity protected by paragraph (e)(1) of the statute, which provides that:
It shall not be an act of infringement to make, use, offer to sell, or sell within the United States or import into the United States a patented invention ... solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products.
35 U.S.C. § 271(e)(1). The Supreme Court has stated that “§ 271(e)(l)’s exemption from infringement extends to all uses of patented inventions that are reasonably related to the development and submission of any information under the [Federal Food, Drug, and Cosmetic Act].” Merck KGaA v. Integra Lifesciences I, Ltd., 545 U.S. 193, 202, 125 S.Ct. 2372, 162 L.Ed.2d 160 (2005). In short, Congress made it an act of infringement to file an ANDA, but exempted from infringement acts reasonably related to the development *1274 and filing of an ANDA, such as those of Cipla here.
In holding that it was not inappropriate for the district court to include Cipla within the scope of the injunction, the court relies on Allergan, Inc. v. Alcon Labs., Inc., 324 F.3d 1322 (Fed.Cir.2003), for the proposition that § 271(e)(2) may support an action for induced infringement. Maj. op. at 1272. I think Allergan is distinguishable on its facts. In Allergan, we held as a general matter that § 271(e)(2) may support an action for induced infringement.[1] However, in Allergan the defendant was the party that submitted the ANDA. 324 F.3d at 1332 (“[S]ummary judgment of non-infringement under section 271(e)(2)[ ] is inappropriate where the plaintiff can demonstrate the existence of a genuine issue of material fact with respect to the claim that the ANDA filer will induce infringement of its patent upon approval of the ANDA.” (emphasis added)). In other words, the court was presented with the question of whether § 271(e)(2) may support an action where the ANDA filer would induce infringement if the ANDA were approved.
I am unable to agree that Allergan supports the proposition that, standing alone, what Cipla did here (providing information used in the filing of an ANDA) can form the basis for a cause of action under § 271(e)(2). In my view, that proposition goes beyond the language of § 271(e)(2). Accordingly, I respectfully dissent from that part of the court’s opinion that affirms the district court’s action enjoining Cipla.

. In Allergan, a drug manufacturer, Allergan, who held a patent for a method of using a specified drug for a particular purpose brought an infringement action against two competitors, Alcon and Bausch & Lomb, who filed ANDAs seeking approval for the production of a generic version of the drug for a use different from the method of use of the drug claimed in the patent. Allergan brought its suit under 35 U.S.C. § 271(e)(2), alleging that if the FDA approved Alcon’s and Bausch & Lomb’s ANDAs, Alcon and Bausch & Lomb would induce doctors to infringe Allergan's patents by prescribing the drug for the patented method of use and would induce patients to infringe by using the drug for the patented method of use.